# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, individually, and on behalf of all other persons similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 4:06-CV-120-FRB |
| ALAN BLAKE, MISSOURI DEPARTMENT OF MENTAL HEALTH, JON ROSENBOOM, MARTY BELLEW-SMITH and LINDA MEADE, ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee [Doc. 1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff has also moved for appointment of counsel [Doc. 3].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center (MSOTC), seeks monetary, declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. Named as defendants in the complaint are Alan Blake (Director, MSOTC), Missouri Department of Mental Health (DMH), Jon Rosenboom (medical doctor), Marty Bellew-Smith (MSOTC facility director) and Linda Meade (MSOTC employee).[1] Plaintiff has sued defendants Blake, Rosenboom and Bellew-Smith in their official capacities only and has not specified capacity as to defendant Meade.

Plaintiff alleges that a DMH Program Directive prevents him from using the modem in his computer. Plaintiff contends that this directive violates his constitutional rights by preventing him from communicating by e-mail with family, friends, schools, attorneys, government officials and the media. Plaintiff states that he was conditionally accepted into an online undergraduate degree program but was unable to participate because he was not allowed to establish or access an e-mail account. Plaintiff states that he is unable to shop for personal supplies over the internet. Plaintiff alleges that e-mail access would not constitute an additional fiscal burden on the State because a number of commercial sites provide e-mail accounts at no charge.

**Discussion**

First, the Court notes that plaintiff's complaint appears to be an edited version of a complaint drafted by an attorney for an action by plaintiffs in a forensic program at Elgin, Illinois, against Illinois state officials and the Illinois Department of Human Services. Thus, throughout the complaint there

---

[1]The Court notes that plaintiff seeks to maintain this lawsuit as a class action in which he is the class representative. *See* Fed.R.Civ. P. 23. The instant Order and Memorandum does not address the issue of class action certification.

are references to Illinois statutes, policies and directives, which are beyond the purview of this Court. Nonetheless, the Court will consider the underlying First and Fourteenth Amendment claims asserted by plaintiff.

### A. Access to the internet and e-mail.

It is beyond question that legitimate penological security interests extend to preventing detainees from communicating with those outside the facility because such communication could include ongoing criminal activity, threats to non-detainees, or contact with past or future victims. However, these penological interests must be balanced by the First Amendment rights of detainees and of non-detainees who wish to communicate by e-mail. Use of the internet may promote rehabilitation because it is a powerful educational tool that promotes reading literacy and computer skills. Because there are important interests on both sides, the Court cannot say that the penological interests of security and order can be served only by a complete denial of access to the internet and e-mail.

### B. Liability of defendants.

State officials may be sued in their official capacities, their individual capacities, or both. *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir.1999). However, state officials sued for monetary relief in their official capacities are not "persons" subject to § 1983 liability because suits against these people in their official capacities are in reality suits against the state itself. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989). Accordingly, plaintiff's complaint, as it relates to monetary damages against defendants Alan Blake, Jon Rosenboom and Marty Bellew-Smith, in their official capacities, must be dismissed. To the extent that plaintiff has sued defendants Blake, Rosenboom and Bellew-Smith for declaratory and injunctive relief, he has stated a claim that survives review under 28 U.S.C. § 1915(e)(2)(B).

As to defendant Meade, plaintiff has not set forth clearly that she is being sued in an individual capacity. *See Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). (Because judgment against a state defendant in his individual capacity exposes him to compensatory and punitive damages, plaintiff must clearly set forth in his pleading that he is suing the state defendant in his individual

3

capacity for damages, not simply in his capacity as a state official.). The conduct imputed to defendant Meade appears to have been undertaken in her official capacity, unless such conduct was tainted by some improper motive. Since no improper motive is alleged, the Court believes that the logical reading of the complaint would be that she was acting in an official capacity and is sued in such capacity. Accordingly, as set forth above, plaintiff's complaint, as it relates to monetary damages against defendant Meade, in her official capacity, must be dismissed. To the extent that plaintiff has sued defendant Meade for declaratory and injunctive relief, he has stated a claim that survives review under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against defendant DMH should be dismissed because defendant DMH is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, no cause of action for damages under § 1983 can be maintained against this defendant. *Will,* 491 U.S. at 64, 109 S.Ct. at 2308.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Alan Blake, Jon Rosenboom, Marty Bellew-Smith and Linda Meade.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Missouri Department of Mental Health because the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(b).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 3] be **DENIED,** without prejudice.

An appropriate order of partial dismissal shall accompany this memorandum and order.

Dated this 12th day of April, 2006.

_____
**UNITED STATES DISTRICT JUDGE**