UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:06CV120 HEA |
| | ) |
| ALAN BLAKE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Alan Blake, Jon Rosenboom, Marty Bellew-Smith and Linda Meade's Motion to Dismiss [#17]. Plaintiff has responded to the motion. For the reasons set forth below, Defendants' motion is granted.

### Facts and Background

Plaintiff, Larry Coffman, brings this action pursuant to 42 U.S.C. § 1983 and the laws of the State of Illinois, seeking monetary, declaratory, and injunctive relief. Plaintiff's Complaint appears to be an altered version of a complaint filed by plaintiffs who were in a forensic program at Elgin, Illinois against Illinois state officials and the Illinois Department of Human Services. In the Complaint now before the Court, Plaintiff cites to Illinois law and Illinois treatment program directives and policies.

Plaintiff is civilly confined at the Missouri Sex Offender Treatment Center

("MSOTC") in Farmington, Missouri. Named as Defendants in the Complaint, are Alan Blake (Director of MSOTC), Missouri Department of Mental Health[1] (DMH), Jon Rosenboom (medical doctor at DMH), Marty Bellew-Smith (MSTOC facility director) and Linda Meade (MSOTC employee). In his Complaint, Plaintiff alleges Defendants denied him access to email and the internet. Plaintiff states that he was accepted to an on-line university program but could not participate because he does not have an email account and that Defendants have denied him access to the internet by disengaging the internal modem on his personal laptop. He also claims that while there is a computer and internet access in the Rehabilitation Building for individuals in the forensic program, such individuals are not permitted to set up email accounts. Plaintiff argues that Defendants "restrict his ability to communicate by internet by restricting the time Plaintiff can use the internet, the sites [he] can visit, and [requiring] constant supervision in order to use the internet."

Plaintiff's Complaint consists of fourteen counts, all of which cite to Illinois law, Illinois program directives, and/or Illinois program policies. Plaintiff regularly cites to Illinois program directive #02.01.01.020, the Illinois Mental Health and Developmental Disabilities Code (405 ILCS 5/2-103 and 405 ILCS 5/2-100) and the Illinois

---

[1] Plaintiff's claims against Defendant DMH were dismissed in an Order dated April 12, 2006.

Administrative Procedure Act. It appears Plaintiff attempted to have his Complaint relate to Missouri law by marking through the "ILCS" portion of the Illinois statutes and replacing it with "MO." Even those counts containing claims pursuant to 42 U.S.C. § 1983 relate to the alleged unconstitutionality of the Illinois program directives and Illinois code and/or the altered Illinois/Missouri code as referenced, *supra*. Defendants now move to dismiss Plaintiff's Complaint against them for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Id.; Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted

3

inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997).

## Discussion

All of Plaintiff's claims, including those which allege a violation of 42 U.S.C. § 1983, are pursuant to Illinois law, Illinois offender program directives, and/or Illinois offender program policies. As an resident confined in a Missouri offender treatment program, however, there is no application of the Illinois statutes. Thus, in all counts, Plaintiff has failed to state a cause of action against Defendants.

Even in giving Plaintiff's Complaint the benefit of liberal construction, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), Plaintiff's claims remain baseless. Plaintiff's attempts to convert Illinois law into Missouri law by replacing "ILCS" with "MO" have failed miserably. The statutes as converted by Plaintiff (i.e., "405 MO 5/2-100" and "405 MO 3/2-104") simply do not exist. Furthermore, the program directive referenced, #02.01.01.020, is a program directive of the treatment program in Eglin, Illinois, not MSOTC, where Plaintiff is confined. The laws and directives, as cited, have no effect on Plaintiff's confinement and his claimed constitutional rights. As such, it appears beyond doubt that Plaintiff can prove no set of facts in support of these claims entitling him to relief. *Conley,* 355 U.S. at 45-46. Even in accepting Plaintiff's factual allegations as true, under no set of facts can Plaintiff show he is entitled to

declaratory and/or injunctive relief. Therefore, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief can be granted.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Alan Blake, Jon Rosenboom, Marty Bellew-Smith and Linda Meade's Motion to Dismiss [#17] is granted.

Dated this 19th day of June, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT

---

[2] In any event, Plaintiff's Complaint fails to state a claim for relief pursuant to Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the claim showing that the pleader is entitled to relief. Defendants cannot be expected to de-code Plaintiff's Complaint and the non-existent laws and directives referenced therein.